JOHN DINKEL, Plaintiff in Error, v. JOHN GUNDELFINGER, Defendant in Error.

*Practice—Pleading—Statute of Frauds.*—In pleading the defence of the statute of frauds, it is not sufficient to allege that the account is barred by the statute; the facts relied upon as a defence must be set out.

*Error to Cole Circuit Court.*

J. L. Smith, for plaintiff in error.

J. E. Belch, for defendant in error.

Dinkel v. Gundelfinger.

BATES, Judge, delivered the opinion of the court.

The plaintiff sued the defendant upon a promissory note. The defendant set up as a counter-claim, that under a contract with the plaintiff he had supported the plaintiff's mother, for which the plaintiff was indebted to him. The plaintiff replied and denied the alleged contract, and pleaded that " the account in said answer stated is barred by the statute of frauds." The statute of frauds was not well pleaded. The facts relied on as a defence to the counter-claim under the statute of frauds should have been set out. At the trial, two instructions asked by the plaintiff were refused ; they are as follows :

" 1. If the jury believe from the evidence that John Dinkel left for California, and did not expect to return for a year, and made a contract with Gundelfinger for the maintenance of old Mrs. Dinkel, the jury will find for the plaintiff the amount due on said note, unless said agreement was in writing.

" 2. If the jury believe from the evidence that the agreement spoken of by witness Roetger, was made between plaintiff and defendant for the payment of the board, clothing, &c., of plaintiff's mother, on his (plaintiff's) return, they will find for plaintiff, unless the said agreement was in writing to that effect."

Even if a defence under the statute of frauds had been properly set out in the replication, these instructions could not have been given in the form in which they were asked. The first does not require that the agreement should have been one "not to be performed within one year;" and the second is similarly deficient ; indeed it is impossible to tell what clause of the statute of frauds it was intended thereby to set up ; and in order to give that instruction, the court would necessarily have been obliged to invade the province of the jury, and assume facts which were in issue.

An instruction was given for the plaintiff, which it is unnecessary to notice.

12—VOL. XXXV.

An instruction was asked by the defendant, but whether it was given or refused the record does not show.

There was judgment for the defendant, which is affirmed. Judge Dryden concurs; Judge Bay absent.